UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MATT ERARD,

    Plaintiff,

v.                                                       Case No. 12-13627

                                                        Hon. Stephen J. Murphy
MICHIGAN SECRETARY OF STATE           Mag. Judge Laurie J. Michelson
RUTH JOHNSON, in her official capacity,

    Defendant.
_____/

**REPORT AND RECOMMENDATION TO DENY PLAINTIFF'S MOTION FOR
TEMPORARY RESTRAINING ORDER [12] AND
ORDER SETTING PRELIMINARY INJUNCTION SCHEDULE**

On August 15, 2012, Plaintiff Matt Erard, the State Secretary of the Socialist Party of Michigan, filed this suit against Michigan Secretary of State Ruth Johnson "challenging the presently-applied ballot-qualification procedures for State political parties and their candidates under M.C.L §§ 168.685 and 168.544c." (ECF No. 1, Compl.) Plaintiff complains that "[u]nder the statutory framework, as presently applied, a 'new' political party must demonstrate support from more than double the number of State voters as a political party entitled to automatic ballot placement, using substantially more burdensome means, in order to obtain and exercise the same right to nominate candidates for any partisan office appearing on any State or local election ballot in Michigan." (*Id.*) Plaintiff further argues that "this discriminatory scheme, as both facially formulated and presently applied, violates his rights, and those of others similarly situated, under the First and Fourteenth Amendments and further violates the Constitutional authority of the Michigan Legislature under U.S. Const art 1, § 4 and art II, § 1, and the 'Purity of Elections Clause' of Mich. Const art II, § 4." (*Id.*) On August 17, 2012, all pretrial matters were referred to this

Court. (ECF No. 6.) Now before the Court is Plaintiff's motion for a temporary restraining order. (*See* ECF No. 12, Pl.'s Mot. for Prelim. Inj. and/or TRO.)

On August 20, 2012, this Court struck two preliminary injunction motions filed by Plaintiff because the motions were too long (30 and 43 pages each), there was insufficient proof that the Complaint had been served on Defendant, and, contrary to the Local Rules, Plaintiff did not indicate that he sought concurrence in the relief sought in the motions. The Court, however, granted Plaintiff's ex parte motions to file briefs in excess of the 20-page limit: Plaintiff was permitted to refile his preliminary injunction motion with a 40-page brief in support.

More than two weeks later, on September 6, 2007, Plaintiff filed his revised motion and brief for preliminary relief. (ECF No. 12.)[1] The motion, however, includes more than merely a condensed brief — Mr. Erard now seeks a temporary restraining order:

> Plaintiff . . . respectfully requests the Court's corresponding entry of [a] temporary restraining order to bar Defendant from enabling ballots to be printed or issued for the State's November 6, 2012 General Election which do not include the names of Plaintiff and other aforenamed certified-nominees of Plaintiff's political party as partisan-labeled candidates thereof, or otherwise acting to foreclose and deny ballot access to Plaintiff's party and aforenamed candidate nominees for the 2012 General Election in advance of the Court's entry of a decision on Plaintiff's . . . request for [a] preliminary injunction.

(*See* ECF No. 12, Pl.'s Mot. for Prelim. Inj. and/or T.R.O. at 2.) Plaintiff further provides, "[i]n the alternative to a temporary restraining order, Plaintiff respectfully requests that the Court issue an

---

[1] The revised brief is not what the Court anticipated. While it is 40 pages, the font size is small and it includes 108 single-spaced footnotes in even smaller font. Moreover, the brief includes limited facts and instead directs the Court to various parts of Plaintiff's small-font, 177-paragraph Complaint. The combined effect is that, had Plaintiff's 40-page brief been filed in compliance with the Eastern District of Michigan Local Rules, it would likely be a 60- or 70-page brief.

2

expedited briefing schedule so as to ensure that Plaintiff's Motion for Preliminary Injunction can be decided in advance of any commencement to the printing of November election ballots within the state." (*Id.* at 2 n.3)

The Court recommends that Plaintiff's motion for a temporary restraining order be denied. For one, the motion is procedurally improper. Federal Rule of Civil Procedure 65 provides:

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney *only if*:
>
> (A) specific facts *in an affidavit or a verified complaint* clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1) (emphasis added). Plaintiff's Complaint is not identified as verified and the facts set forth in the Complaint are not attested to under penalty of perjury. The same holds for Plaintiff's refiled injunction motion and supporting brief. Plaintiff has submitted affidavits in support of his preliminary injunction motion, but those attest to certain individuals' interest in being identified with the Socialist Party of Michigan on the November 6, 2012 ballot — not, in the language of Rule 65, "that immediate and irreparable injury, loss, or damage will result to [Plaintiff] before [Defendant] can be heard in opposition." Plaintiff's motion for a temporary restraining order should therefore be denied. *See e.g.*, *Goldenhersh v. Aurora Loan Servs., LLC*, No. 10-CV-0193, 2010 WL 3245166, at *1 (D. Colo. Aug. 16, 2010); *Fleming v. Nelson*, No. 4:09CV519, 2009 WL 3856675, at *3 (E.D. Tex. Nov. 17, 2009).

Additionally, Plaintiff has not shown how the denial of an ex parte temporary restraining order pending a preliminary injunction ruling will result in irreparable harm. An ex parte TRO is

3

only appropriate where the applicant would face irreparable harm so immediate that it would be improper to wait until after a preliminary injunction hearing to enjoin the non-movant's conduct. *See Bronco Wine Co. v. U.S. Dept. of Treasury*, 997 F. Supp. 1309, 1313 (E.D. Cal. 1996) ("The purpose of a TRO is to preserve the status quo pending a full hearing on a preliminary injunction."); *cf. Hacker v. Fed. Bureau of Prisons*, 450 F. Supp. 2d 705, 710 (E.D. Mich. 2006) ("A temporary restraining order is an extraordinary remedy that generally is reserved for emergent situations in which a party may suffer irreparable harm during the time required to give notice to the opposite party or where notice itself may precipitate the harm."). As succinctly stated by the Supreme Court, an ex parte TRO serves a limited purpose:

> The stringent restrictions imposed . . . by Rule 65[(b)], on the availability of ex parte temporary restraining orders reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute. Ex parte temporary restraining orders are no doubt necessary in certain circumstances, but under federal law they should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer.

*Granny Goose Foods, Inc. v. Teamsters*, 415 U.S. 423, 438-39 (1974) (internal citation omitted).

The imminent irreparable harm Plaintiff seeks to preclude is the printing or issuance of ballots for the November 6, 2012 election that do not include certain candidates labeled with the Socialist Party of Michigan. (*See* Pl.'s Mot. for Prelim. Inj. and/or TRO at 2.) What is unclear, however, is how a TRO, as opposed to a preliminary injunction issued on the heels of an expedited briefing schedule, is insufficient to prevent this irreparable harm. Plaintiff has not informed the Court of the relevant printing and issuance deadlines; he has therefore failed to show that irreparable harm has not already occurred (rendering a TRO moot), or, alternatively, that irreparable harm will

occur pending resolution of his preliminary-injunction motion.[2]

Although exact dates are unknown, it is plain to the Court that the harm Plaintiff seeks to avoid is imminent given that printing and issuance of the election ballots must take place well before the November 6, 2012 election. Normally this would readily lead to an expedited preliminary-injunction briefing schedule. But a threshold issue exists here: it is unclear whether Plaintiff has properly served Defendant. Plaintiff filed a "Summons and Complaint Return of Service" with the Court. But in the "Method of Service" section, Plaintiff merely provides, "Express mail with certified signature and return receipt[;] completed delivery confirmed and signed for at 7:12 a.m. on August 17, 2012." (ECF No. 7, Cert. of Service/Summons.)

For purposes of service, it appears that a suit against Ruth Johnson in her official capacity is a suit against the State of Michigan. Federal Rule of Civil Procedure 4(j)(2)(b) provides: "A state, a municipal corporation, or any other state-created governmental organization that is subject to suit must be served by . . . serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant." In turn, Michigan Court Rule 2.105(G) provides:

> Service of process on a public, municipal, quasi-municipal, or governmental corporation, unincorporated board, or public body may be made by serving a summons and a copy of the complaint on: [various individuals including the president, the chairperson, the secretary, the manager, or the clerk of any other public body organized or existing under the constitution or laws of Michigan, when no other method of service is specially provided by statute.] . . .
>
> In any case, service may be made by serving a summons and a copy

---

[2] The Court also notes that this suit was filed on August 15, 2012. The 110-day deadline for submitting the requisite petition signatures was on or around July 19, 2012. *See* Mich. Comp. Laws § 168.685. Further, after this Court struck Plaintiff's initial preliminary injunction motions on August 20, 2012, Plaintiff took until September 6, 2012 (over two weeks) to refile. These delays weigh against the need for a temporary restraining order.

> of the complaint on a person in charge of the office of an officer on whom service may be made *and* sending a summons and a copy of the complaint by registered mail addressed to the officer at his or her office.

Mich. Ct. R. 2.105(G) (emphasis added). Based on the information Plaintiff has provided to the Court, it is unclear whether he "serv[ed] a summons and a copy of the complaint on a person in charge of the office of an officer on whom service may be made." Accordingly, Plaintiff may not have properly served Defendant. *Compare Griffin v. City of Sturgis*, No. 1:09-CV-1126, 2010 WL 2681050, at *2 (W.D. Mich. July 6, 2010) ("There is no indication in the text of [Michigan Court Rule 2.105(G)] that the Michigan Supreme Court intended the term 'serving' to include mailing.") *with Lee v. Caruso*, No. 1:07-CV-139, 2009 WL 4042744, at *2 (W.D. Mich. Nov. 20, 2009) (finding service proper under Michigan Court Rules where plaintiff attempted "to effect service on the State of Michigan by mailing a summons and a copy of the complaint to the Office of the Attorney General for the State of Michigan").

And some courts have held that proper service, because personal jurisdiction does not exist without it, bars issuance of a preliminary injunction. *3M Co. v. Christian Investments LLC*, No. 1:11CV627, 2011 WL 3678144 (E.D. Va. Aug. 19, 2011) is instructive. While acknowledging that case law on whether service of process is required prior to the issuance of a preliminary injunction "[was] somewhat sparse and neither clear nor entirely uniform," the *3M* court concluded, "decisions in this circuit and the better reasoned decisions elsewhere point persuasively to the conclusion that service of process is a prerequisite to the issuance of an enforceable preliminary injunction." *Id.* at *3 (citing cases from the Fourth Circuit and other jurisdictions). In reaching its conclusion, the court noted that "a few courts" relied upon *Corrigan Dispatch Co. v. Casa Guzman*, S.A., 569 F.2d 300 (5th Cir. 1978) to reach a contrary result. *Id.* at *4. But, according to the *3M* court, *Corrigan*

*Dispatch* was not persuasive because it was "an interpleader action which has its own rules for preliminary injunctions." *Id.* at *5. The analysis in *3M* is persuasive. *See also Schuh v. Michigan Dept. of Corr.*, 1:09-CV-982, 2010 WL 3648876, at *2 (July 26, 2010) *report and recommendation adopted by* 2010 WL 3655654 (W.D. Mich. Sept. 16, 2010) ("When a preliminary injunction is sought under Rule 65(a), service of the summons and the complaint is required."); *Carty v. R.I. Dept. of Corrections*, 198 F.R.D. 18, 20 (D.R.I. 2000) ("When an injunction is sought, service of the summons and the complaint is required. It is well settled that without service of process, this Court has no jurisdiction over the named defendants. Personal jurisdiction is established either by proper service of process, or by the defendant's waiver of any defect in the service of process.").

Nonetheless, Plaintiff has informed the Court that (1) he has proof of "confirmed-receipt" of the two now-stricken motions for preliminary injunction, (2) he has had a conference with "Defendant's counsel" over e-mail explaining the nature of the now-pending preliminary injunction motion, and (3) he mailed (certified with required return receipt) a copy of the now-pending motion to Defendant "at her last known principal office address." (ECF No. 12, Pl.'s Mot. for Prelim. Inj. and/or TRO at 2, n.2, ECF Pg ID 354.) Accordingly, the Court will set an expedited preliminary injunction briefing schedule and leave the service issue for Defendant to raise and contest if warranted.

For the foregoing reasons, it is RECOMMENDED that Plaintiff's motion for a temporary restraining order (ECF No. 12) be DENIED. Further, the Court ORDERS that

- Plaintiff file a 5-page double-spaced statement of facts in support of his Motion for Preliminary Injunction (which must comply with E.D. Mich. LR 5.1, use 12-point font, and

7

should contain *limited* footnotes) on or before **Friday, September 14, 2012;**[3]

- Defendant Ruth Johnson file a response to Plaintiff's Motion for Preliminary Injunction (ECF No. 12) on or before Monday, **September 17, 2012**;

- Plaintiff, if he intends to file a reply (which must comply with E.D. Mich. LR 5.1 and must not exceed 5 double-spaced pages at 12-point font with *limited* footnotes), file a reply on or before Tuesday, **September 18, 2012**; and

- a preliminary injunction hearing be set for **Wednesday, September 19, 2012 at 2:00** p.m.

Finally, while the Court recognizes that Defendant has limited time to respond, based on Plaintiff's representations, it appears that she has known of this suit for some time. The Court therefore expects that Defendant will thoroughly address all the arguments raised in Plaintiff's Motion for Preliminary Injunction.

The parties to this action may object to and seek review of this Report and Recommendation within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *McClanahan v. Comm'r Soc. Sec.*, 474 F.3d 830 (6th Cir. 2006) (internal quotation marks omitted); *Frontier*, 454 F.3d at 596-97. Objections are to be filed through the Case

---

[3] Plaintiff's Motion for Preliminary Injunction does not include a statement of facts; the Court does not believe that all 177 paragraphs of the Complaint provide facts essential to Plaintiff's Motion and it is not the Court's responsibility to determine which of many allegations support Plaintiff's Motion.

Management/Electronic Case Filing (CM/ECF) system or, if an appropriate exception applies, through the Clerk's Office. *See* E.D. Mich. LR 5.1. A copy of any objections is to be served upon this magistrate judge but this does not constitute filing. *See* E.D. Mich. LR 72.1(d)(2). Once an objection is filed, a response is due within fourteen (14) days of service, and a reply brief may be filed within seven (7) days of service of the response. E.D. Mich. LR 72.1(d)(3), (4).

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES MAGISTRATE JUDGE

Dated: September 12, 2012

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on September 12, 2012.

s/Jane Johnson
Deputy Clerk