UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MATT ERARD,

    Plaintiff,

v.                                                    Case No. 12-13627

                                                                      Hon. Stephen J. Murphy
MICHIGAN SECRETARY OF STATE         Mag. Judge Laurie J. Michelson
RUTH JOHNSON, in her official capacity,

    Defendant.
_____/

**REPORT AND RECOMMENDATION TO GRANT DEFENDANT'S
MOTION TO SET ASIDE CLERK'S ENTRY OF DEFAULT [22]**

On August 15, 2012, Plaintiff Matt Erard, the State Secretary of the Socialist Party of Michigan, filed this suit against Michigan Secretary of State Ruth Johnson "challenging the presently-applied ballot-qualification procedures for State political parties and their candidates under M.C.L §§ 168.685 and 168.544c." (ECF No. 1, Compl.) Plaintiff complains that "[u]nder the statutory framework, as presently applied, a 'new' political party must demonstrate support from more than double the number of State voters as a political party entitled to automatic ballot placement, using substantially more burdensome means, in order to obtain and exercise the same right to nominate candidates for any partisan office appearing on any State or local election ballot in Michigan." (*Id.*) Plaintiff further argues that "this discriminatory scheme, as both facially formulated and presently applied, violates his rights, and those of others similarly situated, under the First and Fourteenth Amendments and further violates the Constitutional authority of the Michigan Legislature under U.S. Const art 1, § 4 and art II, § 1, and the 'Purity of Elections Clause' of Mich. Const art II, § 4." (*Id.*) On August 17, 2012, all pretrial matters were referred to this Court. (ECF No. 6.) Now before the Court is Defendant's Motion to Set Aside the Clerk's Entry

of Default. (Dkt. 22.) Plaintiff has filed a Response (Dkt. 25) and the Court finds that the issue can be resolved on the briefs and pleadings. *See* E.D. Mich. LR 7.1(f). For the reasons set forth below, the Court **RECOMMENDS** that the Motion be **GRANTED.**

## I.     BACKGROUND

On August 15, 2012, Plaintiff filed his Complaint against the Michigan Secretary of State challenging Michigan's ballot-access requirements (Dkt. 1), as well as two Motions for Preliminary Injunction. (Dkts. 3, 5.)

On August 20, 2012, this Court struck the two preliminary injunction motions because they were too long, there was insufficient proof that the Complaint had been served on Defendant, and Plaintiff did not indicate that he sought concurrence in the relief sought in the motions. (Dkt. 11.) The Court, however, permitted Plaintiff to refile his preliminary injunction motion with a 40-page brief in support. (*Id*.)

Also on August 20, 2012, Plaintiff filed a Summons and Complaint Return of Service indicating that he served Defendant in her official capacity on August 16, 2012 by certified mail and that delivery was completed and the express mailing signed for on August 17, 2012. (Dkts. 7). He subsequently filed additional Returns of Service that attached the card confirming delivery. (Dkts. 17, 19.) As a result of these filings, the Court's docket reflects that the Secretary was served with the summons and Complaint on August 16, 2012 and her Answer was due on September 6, 2012. (Dkt. 19.)

On September 6, 2007, Plaintiff filed his revised motion for preliminary injunction. (Dkt. 12.) Shortly thereafter, on September 10, 2012, Plaintiff sought and received a clerk's entry of default. (Dkts. 13, 14.) In his request, Plaintiff averred that he served the Secretary by certified mail

on August 16, 2012 and that she had failed to respond in accordance with Fed. R. Civ. P. 12 . (Dkt. 13.)

Defendant filed a Motion to Dismiss the Complaint on September 12, 2012. (Dkt. 20.) She thereafter filed the present Motion to Set Aside the Clerk's Entry of Default on September 14, 2012. (Dkt. 22.) Defendant explains that a Michigan Department of State motor-vehicle operator signed for Plaintiff's express mail package (containing the summons and Complaint) on August 17, 2012 at the main postal facility in Lansing, Michigan, which is the typical procedure. (Dkt. 22, Mot. To Set Aside Default, Ex. 1, Pruzinsky Aff. at ¶3.) The Complaint, however, was not received into the Office of the Secretary of State until August 20, 2012. (*Id*. at Ex. 2, Tulloch-Brown Aff., ¶¶ 4-6.) It appears that the Secretary's office received a corrected pleading on August 22, 2012. (*Id.* at ¶ 7.) It is Defendant's position that Plaintiff has yet to properly serve her since service by certified mail alone is not sufficient pursuant to Federal Rule of Civil Procedure 4(j)(2)(b). (Mot. to Set Aside at ¶ 6 and p.6.) She claims however, that on August 22, 2012, she chose to waive service and therefore filed her Motion to Dismiss within 21 days of that date – i.e,. September 12, 2012. (Mot. to Set Aside at ¶ 12.) She further contends that the default should be set aside because she has meritorious defenses and Plaintiff will not be prejudiced. (*Id*. at ¶¶ 13-14.)

## II.     ANALYSIS

### A.     Legal Standard

Pursuant to Federal Rule of Civil Procedure 55(c), a "court may set aside an entry of default for good cause." A "district court enjoys considerable latitude under the 'good cause shown' standard of Rule 55(c) to grant a defendant relief from a default entry." *O.J. Distrib., Inc. v. Hornell Brewing Co., Inc.*, 340 F.3d 345, 353 (6th Cir. 2004). In deciding a motion to set aside a clerk's

3

entry of default, a court should consider three factors, whether: "(1) plaintiff will be prejudiced; (2) defendant has a meritorious defense; and (3) defendant's culpable conduct led to the default." *Marbly v. Dep't of Treasury*, 22 F. App'x 371, 372 (6th Cir. 2001) (citing, among others, *Berthelsen v. Kane*, 907 F.2d 617, 620 (6th Cir. 1990)). "Although these are the same factors considered by a court in deciding whether to set aside a default judgment, the factors should be applied more leniently to relieve a party from a procedural entry of default to reflect the strong preference for trial on the merits in federal courts." *Id*. (citing *Shepard Claims Serv., Inc. v. William Darrah & Assocs.*, 796 F.2d 190, 193-94 (6th Cir. 1986)). Indeed, a district court abuses its discretion by failing to set aside a default when the first two factors weigh in favor of setting the default aside. *Id*.

Additionally, "Due process requires proper service of process for a court to have jurisdiction to adjudicate the rights of the parties . . . . Therefore, if service of process was not proper, the court must set aside an entry of default," and may do so without weighing the three factors set forth above. *O.J. Distrib., Inc.*, 340 F.3d at 353-55 (citations omitted). Actual knowledge of a lawsuit does not cure a technically defective service of process. *LSJ Inv. Co., Inc. v. O.L.D. Inc.*, 167 F.3d 320, 322 (6th Cir. 1999).

### B.    There Is Good Cause To Set Aside The Default

As reflected in his affidavit in support of his request for a clerk's entry of default, Plaintiff acknowledges that he sought to serve Defendant by certified mail. In his Response to the Motion to Set Aside, Plaintiff attaches the Returns of Service from numerous federal lawsuits against Defendant which indicate the Secretary was served by certified mail. (Dkt,. 25, Resp.) Even assuming the Secretary chose to accept service in those cases, that does not establish that service by certified mail was appropriate in this matter.

It appears that a suit against Ruth Johnson in her official capacity is a suit against the State of Michigan. *See, e.g., BBF Eng'g Servs., P.C. v. Michigan*, No. 11-14853, 2012 U.S. Dist. LEXIS 13867, at *9-10 (E.D. Mich. Feb. 6, 2012). Federal Rule of Civil Procedure 4(j)(2)(b) provides: "A state, a municipal corporation, or any other state-created governmental organization that is subject to suit must be served by . . . serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant." In turn, Michigan Court Rule 2.105(G) provides:

> Service of process on a public, municipal, quasi-municipal, or governmental corporation, unincorporated board, or public body may be made by serving a summons and a copy of the complaint on: [various individuals including the president, the chairperson, the secretary, the manager, or the clerk of any other public body organized or existing under the constitution or laws of Michigan, when no other method of service is specially provided by statute.] . . .
>
> In any case, service may be made by serving a summons and a copy of the complaint on a person in charge of the office of an officer on whom service may be made *and* sending a summons and a copy of the complaint by registered mail addressed to the officer at his or her office.

Mich. Ct. R. 2.105(G) (emphasis added). The information provided by the parties reveals that Plaintiff did not "serve a summons and a copy of the complaint on a person in charge of the office of an officer on whom service may be made." Accordingly, Plaintiff did not properly serve Defendant. *See Griffin v. City of Sturgis*, No. 1:09-CV-1126, 2010 WL 2681050, at *2 (W.D. Mich. July 6, 2010) ("There is no indication in the text of [Michigan Court Rule 2.105(G)] that the Michigan Supreme Court intended the term 'serving' to include mailing."); *Gray v. Mich. Dep't of Human Servs.,* No. 09-12596, 2010 U.S. Dist LEXIS 42363, at *4 (Apr. 26, 2010) (service on the Michigan Attorney General was not proper service on the Michigan Department of Human Services

because the Attorney General is "not listed as a person who may be lawfully served under MCR 2.105"), *adopted by* 2010 U.S. Dist. LEXIS 42360 (E.D. Mich. Apr. 30, 2010); *Ramirez v. City of Saginaw*, No. 10-10739, 2010 U.S. Dist. LEXIS 86759, at *5-6 (E.D. Mich. Dec. 28, 2010) (finding service of process on the defendant municipal corporation was not proper where plaintiff could not demonstrate that he left a copy with a person in charge of the mayor or city attorney's office *and* that he sent it certified mail to one of the listed officers as required by Mich. Ct. R. 2.105(G)).

Additionally, for the reasons set forth in the Court's Report and Recommendation on Plaintiff's Motion for Preliminary Injunction, Defendant has meritorious defenses and Plaintiff will not be prejudiced if the default is set aside and the case decided on the merits. (Dkt. 31.)

## III.   CONCLUSION

For the foregoing reasons, the Court recommends that the clerk's entry of default, based solely on the representation that the Secretary of State was served in her official capacity by certified mail, be set aside.

## IV.   FILING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *McClanahan v. Comm'r Soc. Sec.*, 474 F.3d 830 (6th Cir. 2006) (internal quotation marks omitted); *Frontier*, 454 F.3d at 596-97. Objections are to be filed through the Case

Management/Electronic Case Filing (CM/ECF) system or, if an appropriate exception applies, through the Clerk's Office. *See* E.D. Mich. LR 5.1. A copy of any objections is to be served upon this magistrate judge but this does not constitute filing. *See* E.D. Mich. LR 72.1(d)(2). Once an objection is filed, a response is due within fourteen (14) days of service, and a reply brief may be filed within seven (7) days of service of the response. E.D. Mich. LR 72.1(d)(3), (4).

                                                               s/Laurie J. Michelson
                                                                LAURIE J. MICHELSON
                                                                UNITED STATES MAGISTRATE JUDGE

Dated: September 20, 2012

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on September 20, 2012.

                                                               s/Jane Johnson
                                                               Deputy Clerk