UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MATT ERARD,

    Plaintiff,

v.

MICHIGAN SECRETARY OF STATE
RUTH JOHNSON,

    Defendant.

                                              /

Case No. 12-cv-13627

HONORABLE STEPHEN J. MURPHY, III

**ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORTS AND
RECOMMENDATIONS** (docket nos. 18 & 31) **AND DENYING
PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION
AND/OR TEMPORARY RESTRAINING ORDER** (docket no. 12)

      Plaintiff Matt Erard filed his pro se complaint for declaratory and injunctive relief on August 15, 2012. He alleges that the state of Michigan's ballot-qualification procedures are discriminatory and violate provisions of the United States and Michigan Constitutions. This matter is before the Court on Plaintiff's motion for a preliminary injunction or temporary restraining order. Pl.'s Mot. Prelim. Inj., ECF No. 12. The motion was referred to a magistrate judge, who issued two reports and recommendations ("R&R") recommending denying the motion under both the standard for a temporary restraining order and the standard for a preliminary injunction. ECF Nos. 18 & 31. Plaintiff has filed objections to the recommendation to deny his motion for a preliminary injunction. For the reasons that follow, the Court will overrule Erard's objections, adopt the recommendations of the magistrate judge, and deny the motion.

**FACTS**

Erard alleges in his complaint that he is, among other things, the Socialist Party of Michigan's nominee for Michigan's 13th Congressional District. Compl. ¶ 14a. He claims that Mich. Comp. Law §168.685 violates his First and Fourteenth Amendment rights and his rights under the Michigan Constitution by preventing his political party from being able to access the ballot, while making it easier for established political parties to place candidates on the ballot. Under Mich. Comp. Law §168.685(1), for the name of a candidate of a new political party to be printed on the official election ballot, the party must file with the secretary of the state before 4 p.m. on the one hundred tenth day before the general November election

> a certificate signed by the chairperson and secretary of the state central committee bearing the name of the party, together with petitions bearing the signatures of registered and qualified electors equal to not less than 1% of the total number of votes cast for all candidates for governor at the last election in which a governor was elected. The petitions shall be signed by at least 100 registered electors in each of at least 1/2 of the congressional districts of the state. All signatures on the petitions shall be obtained not more than 180 days immediately before the date of filing.

Mich. Comp. Laws Ann. § 168.685 (1). For the November 6, 2012 election, the Socialist Party of Michigan needed to obtain 32,261 signatures by the July 19, 2012 deadline, but was only able to obtain 925. Thomas Aff. ¶ 4, ECF No. 20-2. Erard now asks the Court to issue preliminary and permanent injunctive relief declaring that Michigan's requirements for new political parties to attain a place on the ballot is unconstitutional. His motion for a preliminary injunction seeks to have the name and vignette of the Socialist Party of Michigan placed on the November 6, 2012, ballot along with his name and the names of several other members of his political party. After ordering expedited briefing and holding

a hearing on the matter, the magistrate judge issued a thorough 36-page report recommending denying Erard's motion because the balance of the preliminary injunction factors — likelihood of success on the merits, harm to others, and public interest — weigh in favor of Defendant. R&R, ECF No. 31. Erard has now filed objections to this recommendation.[1]

## STANDARD OF REVIEW

A district court's standard of review for a magistrate judge's report and recommendation depends upon whether a party files objections. With respect to portions of an R&R that no party has objected to, the Court need not undertake any review at all. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). On the other hand, Federal Rule of Civil Procedure 72(b)(3) provides that the Court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Thus, the Court conducts de novo review of the R&R with respect to defendant's objections.

## DISCUSSION

The Court has conducted a de novo review of the record and finds that none of Erard's objections, or arguments in support of his motion, warrant the relief he seeks. When

---

[1] Erard filed his first set of objections on October 9, 2012, and filed a second set on October 15, 2012. The earlier filed objections are marked "corrected copy" and Erard clarified by leaving a message with the Court's staff that he intended the earlier filed copy to be the one considered. Accordingly, the Court will consider Erard's October 9, 2012 objections here.

3

considering a motion for a preliminary injunction the Court must balance the following four factors:

> (1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury without the injunction; (3) whether issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of the injunction.

*Blue Cross & Blue Shield Mut. of Ohio v. Blue Cross & Blue Shield Ass'n*, 110 F.3d 318, 322 (6th Cir. 1997). Plaintiff has a heavy burden to show that injunctive relief is warranted because "[a] preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Nat'l Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008).

Erard has failed to show that he is entitled to this extraordinary remedy. He delayed in filing this action and in pursuing the instant motion such that the third and fourth factors weigh heavily against granting injunctive relief. *See Nader v. Blackwell,* 230 F.3d 833, 835 (6th Cir. 2000) (noting that "[a] state's interest in proceeding with an election increases as time passes, decisions are made, and money is spent."). The instant motion was filed September 6, 2012, and the statement of facts supporting the motion was not filed until September 14, 2012. Mot. Prelim. Inj., ECF No. 12; Statement of Facts, ECF No. 23. But as Defendant responds, "[t]he ballot was certified on September 9, 2012, in an effort to comply with the statute dictating that the ballot must be certified by the 60th day before the election." Resp. in Opp'n to Prelim. Inj. at 18, ECF No. 24 (citing Mich. Comp. Laws 168.648); Thomas Aff., ¶ 5, ECF No. 20-2. Further, "the printing of more than 7,000,000 ballots at the county level commenced on September 13 or 14, 2012." *Id.* Assuming it is even possible to grant Erard the relief he seeks at this late date, it would create a substantial burden for the state of Michigan and would be against the public interest in

maintaining the stability and integrity of the political process. Moreover, the Court agrees with the magistrate judge's assessment that Erard has failed to show a substantial likelihood of success on the merits.

Accordingly, after reviewing the record and evaluating each of the preliminary injunction factors, the Court finds that the balance of the factors weigh against granting a preliminary injunction.

**WHEREFORE**, it is hereby **ORDERED** that the magistrate judge's reports and recommendations (docket nos. 18 & 31) are **ADOPTED** and Plaintiff's motion for a preliminary injunction and/or temporary restraining order (docket no. 12) is **DENIED**

**SO ORDERED.**

                                            s/Stephen J. Murphy, III
                                            STEPHEN J. MURPHY, III
                                            United States District Judge

Dated: October 29, 2012

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on October 29, 2012, by electronic and/or ordinary mail.

                                            s/Carol Cohron
                                            Case Manager